UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THERESA ANN HANKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-0978 (UNA) |
| | ) | |
| NEW YORK STATE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on consideration of Plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The court grants the application and for the reasons discussed below, dismisses the complaint.

Complaints filed by pro se litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669

(D.C. Cir. 2004) (cleaned up).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff accuses the State of New York of "withholding [her] Inheritance" and "hidding [sic] Information about [her] Biological parents[.]"  Compl. at 1.  She alleges the State "took away everything that Belong[s] to [her], violated [her] constitutional rights," and violated two federal statutes.  *Id*.  Plaintiff also mentions cyberbullying and "stolen DNA."  Mot. (ECF No. 4) at 1.  Among other relief, Plaintiff demands "all Gold Inheritance of [her] Biological parents[.]"  *Id*.

This complaint neither states a valid basis for this Court's jurisdiction nor alleges facts supporting a plausible legal claim.  As drafted, the complaint fails to put Defendant on notice of claims asserted against it, and the exhibits to the complaint do not clarify matters.  Because the complaint fails to meet the minimal pleading standard set forth in Rule 8(a), it will be dismissed.  A separate order accompanies this Memorandum Opinion.


DATE: May 6, 2024                              AMIT P. MEHTA
                                               United States District Judge